[Cite as *State v. Myers*, 2015-Ohio-4789.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26161 |
| | : | |
| v. | : | T.C. NO. 13CRB10811 |
| | : | |
| GENEICE MYERS | : | (Criminal appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___20th___ day of ____November___, 2015.

. . . . . . . . . .

STEPHANIE L. COOK, Atty. Reg. No. 0067101 and EBONY N. WREH, Atty, Reg. No. 0080629, Assistant City Prosecutor, 335 W. Third Street, Rm. 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

THOMAS B. SCOTT, Atty. Reg. No. 0075341, Suite 2103, 130 W. Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the court on the Notice of Appeal of Geneice Myers, filed April 8, 2014. Myers was convicted, following a January 23, 2014 bench trial in Dayton Municipal Court, of one count of telecommunications harassment, in violation of

R.C. 2917.21(B), a misdemeanor of the first degree. She received a sentence of 180 days, with 180 days suspended, and six months of community control sanctions, requiring 25 hours of community service to be completed by July 11, 2014, and basic supervision for six months. Myers was further ordered to complete a one-day anger management class through the probation department. Myers was released from community control on October 27, 2014.

{¶ 2} Myers asserts three assignments of error herein as follows:

THE COURT COMMITTED REVESIBLE ERROR BY DENYING APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.

And,

THE APPELLANT'S CONVICTION FOR TELEPHONE HARASSMENT WAS AGAINTST THE MANIFEST WIGHT OF THE EVIDENCE.

And,

THE APPELLAN'T CONDUCT DID NOT RISE TO THE LEVEL OF ABUSE, THREAT OR HARASS. (SIC)

{¶ 3} Myers did not seek a stay of her misdemeanor sentence. As this Court has previously noted:

* * * It is well-settled that "where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she

will suffer some collateral legal disability or loss of civil rights stemming from that conviction." * * *

*State v. Byrd*, 185 Ohio App.3d 30, 2009-Ohio-5606, 923 N.E.2d 161, ¶ 10 (2d Dist.).

**{¶ 4}** Myers has satisfied her misdemeanor sentence. She did not seek a stay from the trial court or this Court and offers no evidence of a collateral consequence of her conviction. Accordingly her moot appeal is dismissed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Stephanie L. Cook
Ebony N. Wreh
Thomas B. Scott
Hon. Christopher D. Roberts